MALDONADO, PLAINTIFF AND RESPONDENT, v. PRESTON, DEFENDANT AND APPELLANT.

### APPEAL from the District Court of Humacao in an Action of Ejectment.

No. 1161.—Decided July 7, 1915.

MUNICIPAL COURTS—CONSTRUCTION OF LAW—MARSHALS.—After a careful examination of the act regarding municipal courts, it was held that it was the intention of the Legislature to confer upon the marshals of the said courts the same functions, powers, duties, authority and jurisdiction within their respective municipal districts with reference to the courts served by them and as to matters pending therein as had previously been prescribed for the government of the marshals of the various district courts with reference to the latter and to the larger judicial districts.

MARSHALS—EXECUTION—JURISDICTION.—A marshal of a municipal court has no authority to levy on or sell real property outside of his municipal district; therefore a levy and sale so made are null and void.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellant.

*Messrs. Carlos Travecier* and *Manuel Tous Soto* for the respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In the District Court of Humacao plaintiff (appellee) obtained judgment against defendant (appellant) in a revendicatory action. One of the links in plaintiff's chain of title is a deed from the marshal of the Municipal Court of Humacao to plaintiff's vendor. It clearly appears upon the face of the instrument that the sale evidenced thereby was made pursuant to levy upon the property involved herein, situate in the municipality of Naguabo, by the said marshal of the Humacao Municipal Court, under execution to satisfy a money judgment rendered by that court.

Defendant objected to the admission of this deed. upon the ground that the same is null and void for want of jurisdiction and authority in the marshal of the Municipal Court of Humacao to levy upon and sell real estate situate in another municipality. In overruling this objection the court refers with approval to the general rule announced in 17 Cyc., 1080, to the effect that "an officer has no authority to levy on and sell property beyond the bounds of his county or district;" but holds that this principle cannot be invoked by the defendant herein; that any irregularity in the proceedings cannot prejudice the rights of the purchaser, and that defendant is relegated to his right to demand the setting aside of the conveyance in an action brought for that purpose.

The first assignment is that the court erred in admitting this instrument.

The subsequent deed from the purchaser at the execution. sale to plaintiff had been previously admitted by the court over defendant's objection based on other grounds unnecessary to mention, and the second error assigned is that the court erred in considering this instrument as of probative force and in holding that plaintiff thus became the owner of the property.

It also appears from other documentary evidence introduced by the defendant that the writ of execution was addressed to "the marshal of the Municipal Court of the Municipal Judicial District of Humacao" and directed him to satisfy the sums specified therein out of the personal property of the said debtor, and, should there not be enough personal property, then out of any real property found in his district, and that the sale was made by the said marshal at his office in Humacao, the purchaser thereat being the only bidder.

In the recent case of *Benet Colón* v. *Hernández Mena,* decided April 17, 1915, we held that the levy of an attachment by the marshal of one district court upon real estate in another district is wholly void. We need not repeat now

what was then said. That decision must control this case unless some distinction is to be drawn between the marshals of the district courts and those of the municipal courts.

While the possibility of such a distinction has not been suggested by appellee, it is broadly stated in 35 Cyc., 1528, that "the authority of a constable has been held to be limited to his own district, precinct or town; but the more general rule is that his authority is co-extensive with the limits of the county to which his precinct belongs; and it has been held that, even though a constable is prohibited by law under a penalty from executing warrants and levying executions out of his particular precinct, yet his official acts in any part of the county are valid." A careful examination of the cases cited, however, shows that the so-called "more general rule" is in every instance the result of specific statutory enactment and does not involve the application of any new or different principle of law, and that, as a matter of fact, the conclusion reached in those cases would more properly fall unnder the head of *an exception to the general rule*— an exception created by statutory enactment, either by express provision of the law or by necessary implication from its terms.

It is true also that the law provides that the duties of the marshal of a municipal court "shall be identical with those provided in the law creating the office of marshal, viz., 'An act creating the office of district marshal, defining his duties and fixing the compensation therefor.'"

It may be noted in passing that this provision speaks of the duties of the marshal and not specifically of his territorial jurisdiction. Conceding, however, that, by a liberal interpretation of the language employed, if isolated and considered alone as it stands, the idea of identity of duties thus expressed might fairly be said to include identity of territorial jurisdiction, yet, this language must be read in the light of its context and other provisions *in pari materia*.

A contemporaneous act provides that "all the proceedings in said municipal courts must be conducted according to the rules and proceedings in the district courts;" that "there shall be a municipal judge for each municipal district;" that "there shall be a marshal for each municipal court;" that "there shall be a secretary for each municipal court, * * * and the duties of the secretary of the said municipal court shall be identical with the duties of the secretaries of the district courts, the same as defined in the law entitled 'An act creating the office of secretary of district courts, defining its duties and fixing the compensation therefor;'" that "the fees to be charged and collected by the marshal and secretary described in sections 10 and 11 shall be the same as those enumerated and set forth in an act entitled 'An act concerning the fees and compensation of certain officers;' all of the said fees being collected by the said marshal and the said secretary precisely as set forth in said act; provided that the stenographer's fee, amounting to the sum of three dollars, which is required to be paid in actions commenced in the district courts, may be omitted," etc.

The act creating the office of district marshal provides that "the marshal must: 1. Attend all district courts at their respective terms held within his district and obey their lawful orders and directions; 2. Command the aid of as many male inhabitants in his district as he may think necessary in the execution of his duties." Similarly, the act creating the office of secretary of the district courts provides that the latter "must in person or by deputy attend every session of the district court held in his district." Manifestly it was not the intention of the Legislature that the provisions last quoted should apply to the marshals and secretaries of the municipal courts. It is equally clear that full and absolute compliance with the requirement as to following in the municipal courts "the rules and proceedings in the district courts" would be in many respects wholly impracticable should we insist upon a too rigid adherence to the literal sense

of the language used. Instances might be multiplied but it is·
unnecessary. A loose interpretation of the words in question
as enlarging the territorial jurisdiction of the marshal of the
municipal court so as to make it co-extensive with that of
the marshal of the district court, if carried to its logical con-
clusion, would plainly result in a *reductio ad absurdum.*

A thoughtful consideration of the whole of the legislation
relative to municipal courts leads ·inevitably to the conclusion
that the Legislature intended simply to extend to the municipal
courts and to the marshals and secretaries thereof, in so far
as applicable or practicable, *mutatis mutandis,* the legislation
already enacted prescribing the procedure for the district
courts and the functions and duties of, and fees to be col-
lected by, the secretaries and marshals thereof. Or, more
specifically, all the Legislature ever intended was to confer
upon the marshals of the municipal courts the same functions,.
powers, duties, authority and jurisdiction within their respec-
tive districts and with reference to the courts respectively
served by them and as to matters pending therein as had
previously been prescribed for the government of the mar-
shals of the various district courts with reference to the latter
and to the larger judicial districts.

The decisions of such courts as, under the peculiar pro-
visions of special local legislation enlarging the territorial
jurisdiction of constables and city marshals, have sustained
the official action of such officers beyond the geographical
limits of their respective beats, towns or precincts, announc-
ing as they do no new principle of law, can, therefore, ·have
no proper application to the extraterritorial acts of a munici-
pal marshal in this island where all legislation in this regard
points to an identity of governing principle rather than to
any necessary distinction to be drawn or exception to be made
to the general rule.

Plaintiff (appellée) in support of the ruling of the court
assailed in the first assignment, *supra,* quotes from the "En-
cyclopædia of Pleading and Practice, vol. 12, page 82.—On

Judicial Sales.—XIII. Objections and setting aside.—1. Who may and who may not object. * * * Cyc., vol. 24, pages 43, 44, 70 and 72.—XIV. Opening, vacating and setting aside.—C. Who may apply to vacate sale. * * *. D. Proceedings.—1. Motion to vacate. * * *. 2. Action to vacate. * * *. XX. Defective, void and viodable sales.—E. Collateral attack * * *. Where the court had jurisdiction, errors and irregularities in the proceedings leading up to the order of sale or in the sale can be made a ground of attack only by some direct proceeding, either before the same court or in an appellate court. Freeman on Executions, vol. 2, pages 1785 to 1823. Chapter XXI. Of vacating and confirming sales, and the issue and transfers of certificates of purchase, page 305.—For and against whom a sale may be vacated. * * *."

The sub-titles alone indicate a lamentable failure to distinguish not only between technical judicial and execution sales but also between void and voidable sales, between mere irregularities and jurisdictional defects as affecting the question of direct proceedings to vacate and the parties thereto upon the one hand and collateral attack upon the other. To illustrate the marked misconception of the fundamental principle underlying the doctrine of collateral attack it will suffice to complete the quotation from 24 Cyc., "XX.—Defective, void and voidable sales.—E. Collateral attack * * *," *supra,* by supplying in italics the inadvertent omission made by appellee as indicated by asterisks in the above paragraph quoted from his brief: "Collateral attack. *If the court decreeing a judicial sale was without power to entertain the proceedings, the proceedings are a nullity; no rights can be based upon them, and they are subject to collateral attack in any other proceeding. So too if the sale is void for any reason it may be collaterally attacked. If, however, the sale is not wholly void, but only voidable, it cannot be attacked collaterally.* Where the court had jurisdiction, errors and irregularities in the proceedings leading up to the order of sale or

in the sale can be made a ground of attack only by some direct proceeding, either before the same court or in an appellate court * * *.'' 24 Cyc., p. 72.

This case does not even involve a ''judicial sale'' in the strict legal sense of the word as contradistinguished from an ''execution sale.'' There is no question whatsoever as to the jurisdiction of the court. The court had nothing to do with the matter after rendering judgment and ordering the usual writ to issue. Nor is it a case of mere irregularity of form or procedure.

The matter is too elementary to justify extended discussion. The marshal had no authority whatsoever either under the writ of execution or under the statute to levy upon the property in question or to sell the same at the place of the attempted sale or elsewhere. In the eye of the law, there was no levy; no sale.

Inasmuch as this view of the matter definitely disposes of the whole case, we need not consider the various other errors assigned.

The judgment appealed from must be reversed and in lieu thereof it should be ordered, decreed and adjudged by this court that plaintiff (appellee) take nothing by his suit.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.